UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES J. GILLIES, JR. | CIVIL ACTION |
| Plaintiff | NUMBER |
| versus | SECTION |
| ASSET ACCEPTANCE, LLC and ABC INSURANCE COMPANY, | MAGISTRATE |
| Defendants | JURY TRIAL DEMANDED |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

NOW INTO COURT through undersigned counsel comes Charles J. Gillies, Jr., who assert the following claims.

1.

This is an action for damages and other relief resulting from violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o (the "FDCPA"), which prohibits debt collectors from engaging in deceptive, abusive, and unfair debt collection practices; and for other relief under state law.

### JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).  Venue is proper in the Eastern District of Louisiana, which is the judicial district wherein a substantial part of the events relevant to the claims made herein occurred.  This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

1

## PARTIES

3.

Plaintiff, Charles J. Gillies, Jr., is a person of full age of majority who is domiciled in Mandeville, Louisiana.

4.

Defendant, Asset Acceptance, LLC, is a Delaware limited liability company that is registered and doing business in the state of Louisiana.

5.

Asset Acceptance is a "debt collector" as defined at 15 U.S.C. § 1692a(6).

6.

ABC Insurance Company is the fictitious name of an issuer of a policy of liability insurance to Asset Acceptance that covers some or all of the claims made herein. ABC is liable *in solido* with Asset Acceptance pursuant to the Louisiana Direct Action Statute, La. Rev. Stat. Ann. § 22:1269(B).

## FACTS

7.

On January 22, 2013, plaintiff filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, in the Eastern District of Louisiana. The case was assigned docket number 13-10146.

8.

In his bankruptcy schedules, plaintiff listed a delinquent line of credit with Capital One Bank, with an account number ending in 1919. Capital One Bank was listed as a creditor and received notice of the bankruptcy filing from the clerk of court.

9.

On March 6, 2013, the Chapter 7 Trustee filed a petition of disclaimer and abandonment, indicating that there were no assets of the estate available for distribution to creditors. The court issued an order approving the Trustee's report.

10.

Plaintiff received a bankruptcy discharge on April 30, 2013.

11.

Some time after receiving notice of plaintiff's bankruptcy filing, Capital One Bank sold plaintiff's account ending in 1919 to Asset Acceptance.

12.

In connection with the sale of plaintiff's account, Capital One Bank informed Asset Acceptance that plaintiff's account was included in bankruptcy.

13.

In the alternative, Capital One Bank did not disclose to Asset Acceptance that plaintiff's account was included in bankruptcy.

14.

The bankruptcy status of plaintiff's account was known to Asset Acceptance through the "forward flow agreement" that governed the sale by Capital One to Asset Acceptance, the "purchase agreement," and other documents in connection with the sale.

15.

After purchasing plaintiff's account from Capital One, Asset Acceptance negligently or by choice failed to conduct a search of bankruptcy filings to identify and exclude from collection individuals and accounts in bankruptcy.

16.

On March 25, 2013, Asset Acceptance requested an "account review" of plaintiff's credit history from Trans Union, a national consumer reporting agency.

17.

The account review obtained from Trans Union informed Asset Acceptance of plaintiff's bankruptcy filing.

## THE COLLECTION LETTER

18.

After plaintiff received a bankruptcy discharge on April 30, 2013, Asset Acceptance mailed a collection letter to plaintiff dated May 31, 2013.

19.

An accurate copy of the May 31, 2013 letter is attached hereto as **EXHIBIT A**.

20.

The letter informed plaintiff that Asset Acceptance had purchased his Capital One account ending in 1919, and that Asset Acceptance "would like to work with you to resolve this debt." The letter also informed plaintiff that "[w]e may report information

about your account to credit bureaus." The letter further informed plaintiff that "[t]his is an attempt to collect a debt and any information obtained will be used for that purpose."

21.

When plaintiff received the collection letter, he was puzzled and confused by the claim that he still owed a debt that was included in his bankruptcy and discharged. He was also concerned about the statement that Asset Acceptance might report the account to the credit bureaus.

22.

As a result of defendant's actions, plaintiff has suffered actual damages including but not limited to mental distress and financial expenses.

## **FDCPA VIOLATIONS**
23.

The express purpose of the Fair Debt Collection Practices Act ("FDCPA") is to eliminate abusive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. 15 U.S.C. § 1692(e).

24.

Asset Acceptance has violated numerous provisions of the FDCPA, including but not limited to:

(a) Asset Acceptance violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of an alleged debt.

(b) Asset Acceptance violated 15 U.S.C. § 1692e(2)(A) by falsely misrepresenting the character or legal status of the alleged debt.

5

(c)     Asset Acceptance violated 15 U.S.C. § 1692e(5) by threatening to report the alleged debt to the credit bureaus, when Asset Acceptance had no intention of doing so.

(d)     Asset Acceptance violated 15 U.S.C. § 1692e(8) by threatening to report the alleged debt to the credit bureaus, when such a report would be false or misleading.

(e)     Asset Acceptance violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect an alleged debt.

(f)     Asset Acceptance violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect an alleged debt.

## **PUNITIVE AND EXEMPLARY DAMAGES**

25.

Asset Acceptance purchased and attempted to collect plaintiff's discharged debt with full knowledge that the account had been included in bankruptcy, through the use of false and deceptive means and representations.

26.

Asset Acceptance has knowingly and willfully adopted a practice of purchasing and attempting to collect debts included in bankruptcy and discharged, with a total disregard for the law or the rights of others.

27.

Punitive and exemplary damages should be imposed against Asset Acceptance under applicable state law and the choice of law principles of Louisiana Civil Code Art. 3546(1).

## INSURER LIABILITY

28.

ABC Insurance Company has provided a policy of liability insurance to Asset Acceptance that covers some or all of the claims made herein, and is liable *in solido* with Asset Acceptance pursuant to the Louisiana Direct Action Statute, La. Rev. Stat. Ann. § 22:1269(B).

## JURY DEMAND

29.

Plaintiff demands a trial by jury.

**WHEREFORE**, plaintiff prays for a judgment for:

(a) Actual damages against Asset Acceptance under 15 U.S.C. § 1692k(a)(1).

(b) Additional damages of $1,000.00 against Asset Acceptance under 15 U.S.C. § 1692k(a)(2)(A).

(c) Punitive and exemplary damages against Asset Acceptance under applicable state law and Louisiana Civil Code Art. 3546(1).

(d) Judgment *in solido* against ABC Insurance Company for any amount awarded in judgment against Asset Acceptance, pursuant to the Louisiana Direct Action Statute, La. Rev. Stat. Ann. § 22:1269(B).

(e) Reasonable attorney fees and costs under 15 U.S.C. § 1692k(a)(3).

(f) Interest.

(g) All relief appropriate in the premises.

Respectfully submitted,

/s/ Steve R. Conley
Steve R. Conley (LSBA #21246)
321 N. Vermont Street, Suite 210
Covington, LA 70433
Tel: 985-892-7222 FAX: 985-590-5838
steve@consumerlaw1.com

8